IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| DEREK YOUNG, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, the United States of America, for its complaint against defendant Derek Young, alleges as follows:

1. This civil action is brought to collect (1) outstanding civil penalties assessed against Derek Young pursuant to 31 U.S.C. § 5321(a)(5), commonly known as "FBAR penalties," for his failure to timely report his financial interest in, and/or his signatory or other authority over, foreign bank accounts for the 2010-2016 calendar years as required by 31 U.S.C. § 5314 and its implementing regulations; (2) outstanding civil penalties assessed against Young for late payment of his outstanding debts to the United States government and fees thereon pursuant to 31 U.S.C. § 3717(a) and (e); and (3) accrued interest thereon.

**Jurisdiction and Venue**

2. A delegate of the Secretary of the Treasury referred this case to the Department of Justice and provided authorization in accordance with 31 U.S.C. §

3711(g)(4)(C). This action is brought at the direction of the Attorney General of the United States.

3.  The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of a civil penalty under 31 U.S.C. § 5321.

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district; 28 U.S.C. § 1395(a), because the penalty accrued in the district; and either 28 U.S.C. § 1391(b)(1), because Young resides in Hesston, Kansas, or 28 U.S.C. § 1391(b)(3), if Young resides outside the United States.

## Obligation to Report Interest in Foreign Accounts

5.  Federal law requires every citizen or resident of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship to the Department of the Treasury annually.  31 C.F.R. § 103.24 (1987); 31 C.F.R. § 1010.350(a) (2011); *see also* 31 U.S.C. § 5314(a).

6.  To fulfill this requirement, a United States citizen or resident must file a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR" with the Department of the Treasury. 31 C.F.R. § 103.24 (1987); 31 C.F.R. § 1010.350(a) (2011). To report information for all years through 2012, the proper form for the FBAR was Form TD F 90-22.1. To report information for 2013-2016, the proper form for the FBAR was FinCEN Form 114.

7. At the time of the violations alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 103.27(c) (1989); 31 C.F.R. § 1010.306(c) (2011).

8. Any United States citizen or resident who fails to report their interest in a foreign financial account may be subject to a civil penalty assessed by the Department of the Treasury. Except as provided in 31 U.S.C. § 5321(a)(5)(C), the maximum civil penalty that may be imposed for each violation is $10,000. 31 U.S.C. § 5321(a)(5).

## Defendant

9. Defendant Derek Young failed to report his interest in a foreign financial account and is subject to the jurisdiction of this Court.

## Young's Failure to Report Interests in Foreign Accounts

10. At all times relevant here, Derek Young was a citizen of the United States.

11. Young had a financial interest in, and signatory or other authority over, bank or other financial accounts in foreign countries at the following banks in the following years:

| **Bank** | **Account Number** | **Years** |
|---|---|---|
| Skrill Ltd | *@gmail.com | 2010, 2011, 2012, 2013 |
| HSBC Philippines | *7195 | 2010, 2011, 2012, 2013 |
| HSBC Philippines | *2066 | 2010, 2011, 2012 |
| Full Tilt Poker | *etta | 2010, 2011, 2013, 2016 |
| Cake Gaming NV dba Cake Poker | *@gmail.com | 2010, 2011, 2012 |
| Rational Entertainment dba Poker Stars | *bbie | 2010, 2011, 2012, 2013, 2014 |
| Rational Entertainment dba Poker Stars | *@gmail.com | 2016 |
| Cassava Enterprises (888 Poker) | *@gmail.com | 2010 |

| | | |
|---|---|---|
| The Sporting Exchange dba Bet Fair | *cruz | 2010, 2011, 2012 |
| Salmon River Tech Ltd dba Bovada (or Bodog Poker) | *0440 | 2010, 2011, 2012, 2013, 2014, 2016 |
| iGame Malta Ltd dba NoIQ | *hill | 2010, 2011, 2012 |
| Playtech (Cyprus) Ltd (Chili Poker) | *@gmail.com | 2010, 2011 |
| Blanca Games Inc. dba Ultimate Bet | *@gmail.com | 2010, 2011 |
| PDC Global Collections dba Carbon Poker | *@gmail.com | 2010, 2011 |
| Everest (Tagliaferro) | *@gmail.com | 2010, 2011, 2012 |
| Party Gaming dba Party Poker | *@gmail.com | 2010, 2011, 2012, 2013 |
| Pokerloco Malta | *@gmail.com | 2010, 2011 |
| Jazette Enterprises (Sportsbook) | *0839 | 2010, 2011 |
| In Touch Poker Ltd dba Poker Heaven | *Fuku | 2011, 2012 |
| Metrobank | *3485 | 2012, 2013 |
| Metrobank | *5256 | 2012, 2013 |
| Bank of the Philippine Islands | *9102 | 2012, 2013 |
| Optimal Payments Ltd (Neteller) | *@gmail.com | 2013, 2014, 2016 |
| Blackchip Poker | *ppyy | 2013, 2014, 2016 |
| 5 Dimes Casino | *3908 | 2013 |
| Silver Sands | *5009 | 2013 |
| Equity Marketing Mgmt | *xpres | 2013, 2014 |
| Betonline | *2013 | 2013, 2014, 2015, 2016 |
| Stan James | *lion | 2013 |
| Orange Website Co. | ** | 2014 |
| Action Commerce Ltd | *amad | 2015, 2016 |
| Lynton Ltd dba Ignition | *9195 | 2016 |

12. The aggregate maximum account value of the foreign accounts referenced in paragraph 11, during each of the years referenced in paragraph 11, exceeded $10,000.

13. Young was required to file an FBAR for the 2010-2016 calendar years reporting his interest in foreign financial accounts by June 30th of the following year.

14. Young failed to timely file an FBAR for the 2010-2014 and 2016 calendar years.

4

15. Young timely filed an FBAR for the 2015 calendar year on June 27, 2016, but failed to report all of his foreign financial accounts on that FBAR.

16. Young filed FBARs for the 2010-2014 and 2016 calendar years, and an amended FBAR for the 2015 calendar year that listed additional foreign financial accounts, on February 5, 2019, after they were due.

17. In November 2019, Young consented, in writing, to extend the statute of limitations for assessing FBAR penalties for 2010-2013 until December 31, 2020.

18. In July 2020, Young consented, in writing, to extend the statute of limitations for assessing FBAR penalties for 2010-2014 until December 31, 2021.

**COUNT I: Judgment against Derek Young for Civil Penalties Pursuant to 31 U.S.C. § 5321(a)(5)**

19. The United States incorporates the allegations in paragraphs 1 through 18 above.

20. On April 7, 2021, a delegate of the Secretary of the Treasury assessed $60,500 in civil FBAR penalties against Derek Young, pursuant to 31 U.S.C. § 5321(a)(5), for failing to report his interest in financial accounts in foreign countries for calendar years 2010 through 2016.  The penalties assessed against Derek Young for each year are as follows:

| Calendar Year | FBAR Penalty Amount |
|---|---|
| 2010 | $9,999 |
| 2011 | $10,000 |
| 2012 | $10,001 |
| 2013 | $10,001 |
| 2014 | $9,999 |
| 2015 | $500 |
| 2016 | $10,000 |

21. The IRS gave notice of the FBAR penalty assessments to Derek Young and demanded payment of the penalties.

22. Despite notice and demand for payment, Derek Young has failed to pay the civil FBAR penalties assessed against him in full.

23. The United States now seeks judgment in an amount of no more than $10,000 per violation of 31 U.S.C. § 5314.[1]

24. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Derek Young's unpaid FBAR penalties.

25. Pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Derek Young's failure to pay the FBAR penalties assessed, a lawful debt owed to the United States.

26. Pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Derek Young to cover collection-related costs of processing and handling his unpaid FBAR penalties.

27. As of March 31, 2023, Derek Young is liable to the United States for $68,840.09 for the FBAR penalties, plus interest, penalties for late payment, and costs of collection under 31 U.S.C. § 3717(a) and (e), and other additional amounts that have accrued, and will continue to accrue as provided by law.

---

[1] The FBAR penalties assessed against Young for 2012 and 2013 exceed the maximum allowable amount by $1 each year. *See Bittner v. United States*, 143 S. Ct. 713 (2023), The United States' demand for relief therefore does not seek payment of those $2.

WHEREFORE, the United States requests that the Court enter judgment against Derek Young and in favor of the United States in the amount of $68,840.09, as of March 31, 2023, for penalties assessed under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and associated fees, plus further interest and statutory additions thereon as allowed by law from March 31, 2023 to the date of payment, and award the United States its costs incurred in connection with this action, along with such other relief that the Court deems proper.

Date: April 6, 2023

KATE E. BRUBACHER
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Brij Patnaik*
BRIJ B. PATNAIK
Illinois Bar # 6300524
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.  20044
202-353-0703 (v)
202-514-6770 (f)
Brij.Patnaik@usdoj.gov

*Attorney for the United States*